`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---

EDDIE I. SIERRA and
ESTHER SIERRA
        Plaintiffs,

v.

CITY OF MIAMI
        Defendant.

CIVIL ACTION: 15-cv-20581-MARTINEZ

VERIFIED COMPLAINT

**JURY CLAIM AS TO
ALL COUNTS**

---

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
(to Amend Case Style & Defendant)

COMES NOW, Plaintiffs, ESTHER SIERRA and EDDIE I. SIERRA, (hereinafter referred to as "Plaintiffs"), by and through the undersigned counsel, hereby, files their Complaint against the Defendant CITY OF MIAMI (hereinafter referred to as "Defendant"), and alleges as follows:

### PARTIES

1. Plaintiff, ESTHER SIERRA ("MOM"), is a resident of Miami-Dade County, Florida.
    a. At all times material MOM was an elderly woman of 73 years old.
    b. At all times material MOM was disabled with sensorineural and binaural hearing loss, severe advance rheumatoid arthritis, bone deformity and severe inflammation associated with rheumatoid arthritis
    c. MOM has never been arrested in the State of Florida.
2. Plaintiff, EDDIE I. SIERRA ("SON"), is a resident of Miami-Dade County, Florida.

    a. At all times material SON was disabled, with profound sensorinaural and binaural hearing loss

    b. SON has never been arrested in the State of Florida.

3. Defendant, CITY OF MIAMI, is a municipality organized and existing under and pursuant to the laws of the State of Florida, with its principal place of business at 3500 Pan American Drive, Miami FL 33133.

4. CITY OF MIAMI's Police Department is the law enforcement agency created by the CITY OF MIAMI Code of Ordinances Chapter 42 and operated by the CITY OF MIAMI.

    a. Defendant, CITY OF MIAMI, employs and supervises officers within its capacity as a city.

    b. Officer Fudge was hired on August 22, 1983 and at all times material has been employed as a police officer with the CITY OF MIAMI.

    c. During his employment with the CITY OF MIAMI, Officer Fudge has had:

        i. 33 Citizen Complaints,

        ii. 1 Firearm Discharge,

        iii. 2 Records of Formal Counseling,

        iv. 2 Relieved of Duty,

        v. 11 Reprimands, and

        vi. 20 Use of Force incidents.

    d. Officer Sallano was hired on April 29, 1981 and at all times material has been employed as a police officer with the CITY OF MIAMI.

    e. During his employment with the CITY OF MIAMI, Officer Sallano has had:

        i. 29 Citizen Complaints,

    ii. 1 Driving Complaint,

    iii. 4 Records of Formal Counseling,

    iv. 24 Reprimands; and

    v. 10 Use of Force incidents.

  f. At all times material OFFICER FRANCISCO SALLANO is employed as a police officer with Defendant CITY OF MIAMI.

## Jurisdiction

5. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth, and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and §1343 provide federal question jurisdiction over all federal claims.

## General Allegations

6. Plaintiff has complied with FSA § 768.28 (6)(a) by giving notice of intent to bring suit to the Florida Department of Financial Services.

7. This is an action for negligent retention and negligent supervision.

8. This is an action involving the violation of civil rights arising from the unlawful actions taken against MOM and SON who was lawfully attempting to park in a handicap accessible space at 3050 Biscayne Blvd, Miami, Florida.

9. On May 21, 2013, MOM and SON legally parked in an appropriately marked handicap parking spot with a valid handicap placard.

10. Immediately thereafter, a hostile security guard approached MOM and SON and told them that they must immediately move the vehicle from the handicap spot, without providing a reason.

11. MOM and SON informed the guard that they had a valid handicap permit to park in the spot.

12. Due to the security guards threatening manner, SON called the police in fear for MOM and his safety.

13. Approximately fifteen minutes after the call to police, two police officers, Officer Fudge And Officer Sallano, arrived on the scene.

14. The hostile security guard continued to argue with MOM and SON and upon the arrival of the police officers, the officers did not intervene.

15. MOM and SON tried to explain to the police officers what the issue was but the officers refused to listen to the Plaintiffs assertions.

16. Instead, Officer Fudge began aggressively screaming in SON's face and the officer's saliva hit SON's face.

17. Officer Fudge then forcibly grabbed SON by his forearm and directed him against the police car, patted him down and dumped the contents in the money compartment of his wallet on the ground.

18. MOM attempted to intervene and collect the contents of the wallet.

19. However, Officer Sallano grabbed MOM by the forearm and directed MOM to kneel.

20. At this point MOM began to cry and was very upset.

21. Officer Sallano told crying MOM, "You can kneel besides him", referring to SON who was now handcuffed inside the police car.

22. MOM, an elderly and disabled lady of 73 years old, who had just undergone a medical procedure with her rheumatologist, "Your disability is like putting an elephant on your shoulder and walking down Biscayne Boulevard."

23. Officer Sallano also demanded to know what MOM's ethnic background was.

24. When MOM did kneel besides SON, Officer Sallano spit on the ground next to MOM.

25. MOM agreed to kneel beside SON in police car because Officer Sallano represented an authority figure.

26. Officer Fudge proceeded to unlawfully detain SON for over 45 minutes

27. Thereafter, the officers placed SON under arrest for Disorderly Conduct (*nolle prossed*).

28. SON and MOM made a complaint to Internal Affairs and the Civilian Investigative Panel.

29. An Internal Affairs investigation was conducted.

30. Thereafter, the Complaints Committee reviewed the report, conducted its own investigation and heard the testimony of MOM and SON.

31. The Complaints Committee panel voted to SUSTAIN the allegations of Discourtesy and Abusive treatment against Officers Sallano and Fudge.

32. Both MOM and SON have sought medical care since the incident due to numerous physical and psychological effects of the incident.

## Count I
## 42 U.S.C. § 1983 Claim

33. Plaintiffs readopt and reallege the allegations in paragraphs 1 through 32 as though fully set forth herein.

34. Officers Fudge and Sallano unlawfully arrested SON without probable cause, without a warrant, and without exigent circumstances.

35. Officers Fudge and Sallano deprived SON of his well-established rights to freedom from arrest without probable cause under the Fourth Amendment of the United States Constitution as applied under the Fourteenth Amendment.

36. As a direct and proximate result of Officers Fudge and Sallano's actions, Plaintiffs suffered damages.

**WHEREFORE**, MOM and SON demands judgment against Defendant for relief including monetary and all other damages cognizable at law, costs of this action, interest, and for punitive damages, as well as such other further legal and equitable relief as the Court deems just under the circumstances.

## Count II
### False Arrest Against Defendant as to SON

37. MOM and SON readopt and reallege the allegations in paragraphs 1 through 32 as though fully set forth herein.

38. Officers Fudge and Sallano, without process or authority of law, wrongfully, unlawfully, and against SON's will, and without probable cause, forcibly arrested SON.

39. SON, at the time he was arrested, was acting peaceably and in a lawful manner. No warrant for SON arrest and imprisonment was ever issued.

40. SON was lawfully parking the vehicle when he was accosted by the guard.

41. SON and MOM are both disabled and had the proper handicap placard displayed on the vehicle.

42. By reason of the above, SON has been deprived of his liberty, and has been caused great physical and mental suffering, humiliation, shame, and has been caused inconvenience and discomfort.

**WHEREFORE**, MOM and SON demands judgment against Defendant for relief including monetary and all other damages cognizable at law, costs of this action, interest, and for punitive damages, as well as such other further legal and equitable relief as the Court deems just under the circumstances.

## Count III
### False Imprisonment Against Defendant as to SON

43. MOM and SON readopt and reallege the allegations in paragraphs 1 through 32 as though fully set forth herein.

44. Defendant, without legal authority, intentionally caused SON to be restrained against his will in a manner that was unreasonable and unwarranted under the circumstances.

45. SON has been deprived of his liberty, and has been caused great physical and mental suffering, humiliation, shame, and has been caused inconvenience and discomfort.

46. SON's restraint was the legal cause of the damages described above.

**WHEREFORE,** MOM and SON demands judgment against Defendant for relief including monetary and all other damages cognizable at law, costs of this action, interest, and for punitive damages, as well as such other further legal and equitable relief as the Court deems just under the circumstances.

## Count IV
### False Imprisonment Against Defendant as to MOM

47. MOM and SON readopt and reallege the allegations in paragraphs 1 through 32 as though fully set forth herein.

48. Defendant, without legal authority, intentionally caused MOM to be restrained against her will in a manner that was unreasonable and unwarranted under the circumstances.

49. MOM has been deprived of her liberty, and has been caused great physical and mental suffering, humiliation, shame, and has been caused inconvenience and discomfort.

50. MOM agreed to kneel beside SON in police car and to be detained because Defendant represented an authority figure and she believed he had no option but to follow instructions.

51. MOM's restraint was the legal cause of the damages described above.

**WHEREFORE,** MOM and SON demands judgment against Defendant for relief including monetary and all other damages cognizable at law, costs of this action, interest, and for punitive damages, as well as such other further legal and equitable relief as the Court deems just under the circumstances.

## Count V
### 42.S.C. § 1983 *Monell* Claim

52. MOM and SON readopt and reallege the allegations in paragraphs 1 through 32 as though fully set forth herein.

53. The violations of MOM and SON's constitutional rights by Defendant was caused by the inadequate policies and procedures and training of the CITY OF MIAMI's law enforcement division, the Miami Police Department.

54. Officers Fudge and Sollano have a detailed history of misconduct that the CITY OF MIAMI knew about and the CITY OF MIAMI had no adequate policies and procedures in place to protect citizen's constitutional rights.

55. The CITY OF MIAMI had an obligation to enact policies and training requirements that are consistent with the important Fourth and Fourteenth Amendment rights at stake.

56. By reason of the above, MOM and SON has been deprived of his liberty, and has been caused great physical and mental suffering, humiliation, shame, and has been caused inconvenience and discomfort.

**WHEREFORE,** MOM and SON demands judgment against Defendant for relief including monetary and all other damages cognizable at law, costs of this action, interest, and for punitive damages, as well as such other further legal and equitable relief as the Court deems just under the circumstances.

## Count VI
## Negligent Retention/Hiring

57. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 32 as if set forth herein in full.

58. At all times material hereto Defendant, THE CITY OF MIAMI, maintained the duty of screening, selecting, retaining and hiring all police officer personnel for the CITY OF MIAMI.

59. Defendant, THE CITY OF MIAMI, owed a duty to the public to hire police officer personnel who would not only protect and serve THE CITY OF MIAMI but also who would not violate citizens' rights to ensure they were free from abuse, unwanted harassment, as well as assault and battery.

60. Defendant, THE CITY OF MIAMI, was required to make an appropriate investigation of its employees, and all allegations of misconduct should have been fully investigated and dealt with.

61. Additionally, THE CITY OF MIAMI, breached its duty and were negligent in its:

   a. Failure to conduct an adequate, appropriate and/or reasonable background search and investigation on Officer Francisco Sallano and Officer Nathaniel Fudge, prior to hire and while they were an employee.

   b. Failure to conduct an adequate, appropriate and/or reasonable investigation on Officer Francisco Sallano and Officer Nathaniel Fudge, while they were employed and after they knew or should have known of their misconduct

   c. Failure to conduct an adequate and reasonable criminal search on Officer Francisco Sallano and Officer Nathaniel Fudge while employed by THE CITY OF MIAMI;

    d. Failure to act reasonably to follow up on direct and indirect allegations, rumors and inferences of abuse by Officer Francisco Sallano and Officer Nathaniel Fudge while they were employed.

62. If Defendant, THE CITY OF MIAMI, had conducted an appropriate investigation into both, Officer Francisco Sallano and Officer Nathaniel Fudge's transgressions while they were employed with the CITY OF MIAMI the investigation would have revealed the unsuitability of, Officer Francisco Sallano and Officer Nathaniel Fudge, for the particular duties to be performed or for their employment in general.

63. It was unreasonable for the Defendant THE CITY OF MIAMI, to hire and/or retain the Defendant, Officer Francisco Sallano and Officer Nathaniel Fudge in light of the information it knew or reasonable should have known.

64. As a direct, foreseeable, and proximate result of the Defendant, THE CITY OF MIAMI's negligent retention and/or hiring of Officer Francisco Sallano and Officer Nathaniel Fudge, Plaintiffs experienced embarrassment, humiliation, loss of security, pain and suffering, mental anguish, aggravation of pre-existing conditions, inconvenience, loss of capacity for the enjoyment of life; and all the elements of damages allowed under Florida law. All of these injuries are permanent and continuing in nature.

65. Further, as a direct and proximate result of Defendant, THE CITY OF MIAMI 's negligent retention and/or hiring of Officer Francisco Sallano and Officer Nathaniel Fudge, Plaintiffs have incurred medical expenses for his care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future.

    **WHEREFORE,** MOM and SON demands judgment against Defendant for relief including monetary and all other damages cognizable at law, costs of this action, interest, and for

punitive damages, as well as such other further legal and equitable relief as the Court deems just under the circumstances.

## Count VII
### Excessive Force Against MOM and SON

66. Plaintiffs readopt and reallege the allegations in paragraphs 1 through 32 as though fully set forth herein.

67. The force used to detain MOM and SON was not reasonably proportionate to the need for the force.

68. MOM and SON were not trying to flee from arrest nor were they posing an immediate danger to the safety of the police officers.

69. The severity of the alleged disorderly conduct was not in proportion to the use of force used by the officers.

70. By reason of the above, MOM and SON have been caused great physical and mental suffering, humiliation, shame, and has been caused inconvenience and discomfort.

WHEREFORE, MOM and SON demand judgment against Defendant for relief including monetary and all other damages cognizable at law, costs of this action, interest, and for punitive damages, as well as such other further legal and equitable relief as the Court deems just under the circumstances.

## Count VIII
### Denial of Equal Protections

71. MOM and SON readopt and reallege the allegations in paragraphs 1 through 32 as though fully set forth herein.

72. Article I, Section 2 of the Constitution of Florida and the Fifth and Fourteenth Amendments of the US Constitution provide for equal protection of the law.

73. Plaintiffs have a physical (hearing) impairment that substantially limits one or more major life activities.

74. Plaintiffs have a record of said impairment.

75. By forcing MOM and SON to stand against the police vehicle or be handcuffed in a vehicle, Defendant failure to make communication as effective as it would have been among deputies and persons without a disability.

76. Additionally Defendant failed to provide proper accommodations for MOM and SON.

77. Defendant was informed of their disability.

78. By reason of the above, MOM and SON have been caused great physical and mental suffering, humiliation, shame, and has been caused inconvenience and discomfort.

**WHEREFORE,** MOM and SON demand judgment against Defendant for relief including monetary and all other damages cognizable at law, costs of this action, interest, and for punitive damages, as well as such other further legal and equitable relief as the Court deems just under the circumstances.

### Jury Demand

A trial by jury is hereby demanded on all counts so triable.

Respectfully submitted:

_____
Cecilia Perez-Matos, Esq.
Attorney for Petitioner
Florida Bar Number: 102796
The Berman Law Group
PO Box 272789
BOCA RATON, FL 33496
Telephone: (561) 826-5200
Fax: (561) 826-5201
E-Mail: cmatos@thebermanlawgroup.com
Secondary E-Mail:
IAlbornoz@thebermanlawgroup.com