UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-20581-MARTINEZ

EDDIE I. SIERRA and
ESTHER SIERRA,

    Plaintiffs,

vs.

CITY OF MIAMI

    Defendants,
_____/

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiffs, EDDIE I. SIERRA and ESTHER SIERRA, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), submits its Motion to Strike Defendant's Affirmative Defenses. In support thereof, Plaintiffs state and allege as follows:

### I. INTRODUCTION

1. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

2. Answers and Affirmative Defenses are, of course, pleadings within the meaning of Fed.R.Civ.P. 12(a) and (b).

3. Affirmative defenses are subject to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and will be stricken if they fail to recite more than bare bones conclusory allegations. Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 WL 2412834, *2 (S.D.Fla. 2007); Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D.Fla. 2005). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007). Thus, an affirmative defense that does not

provide "fair notice" of the nature of the defense asserted and the grounds upon which it is based is not sufficient and therefore must be stricken.

4. Although motions to strike tend to be disfavoured by courts, *see* Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir.1991), an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). A defense is insufficient as a matter of law if either: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Id.

5. The U.S. Eleventh Circuit in In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir.1988) held that "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." Further, and in conjunction with the Eleventh Circuit decision in Rawson, when a defendant's assertion is actually (i) a denial rather than an affirmative defense, which was (ii) already denied in the answer to the complaint, the court will strike the alleged affirmative defense for being redundant. Wiemer v. Felberbaum & Associates, P.A. v. ADP Totalsource III, Inc., 2008 WL 299016 (S.D.Fla. 2008).

6. Alternatively, when a defendant's assertion is actually a denial rather than an affirmative defense, wherein the party has incorrectly labeled a "negative averment as an affirmative defense rather than as a specific denial," the proper remedy is to simply treat the claim as a specific denial, rather than to strike the affirmative defense outright. Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 U.S. Dist. LEXIS 61608, at *3 (S.D.Fla. 2007); see also Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc., 2008 WL 3927265, at *3 (M.D.Fla. 2008).

7. An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002); Meridian of Palm Beach Condominium Ass'n, Inc. v. QBE Ins., 2007 WL 1364334 (S.D. Fla. May 7, 2007). A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense.

8. By this Motion, Plaintiffs seek to have Defendant's Affirmative Defenses stricken in its entirety, in accordance with Fed. R. Civ. P. 12(f), or alternatively treated as specific denials.

9. The Defendant, CITY OF MIAMI (referred to hereinafter as "Defendant"), insufficiently alleges each Affirmative Defenses, thereby forming the basis of this Motion.

## II. LEGAL ARGUMENT

10. Defendant's First Affirmative Defense simply states that the "Plaintiffs' complaint fails to state a claim upon which relief can be granted." Answer and Affirmative Defenses at p. 10 [DE 27].

11. Defendant's Second Affirmative Defense states that "Plaintiffs have failed to state a claim for relief by failing to make sufficient allegations of ultimate fact demonstrating that this court has subject mater jurisdiction of this claim. " Answer and Affirmative Defenses at p. 10 [DE 27].

12. Defendant's Third Affirmative Defense states that "Plaintiffs have failed to make sufficient allegation of ultimate fact from which it can be determined that a claim for relief has been stated. " Answer and Affirmative Defenses at p. 10 [DE 27].

13. Defendant's First, Second and Third Affirmative Defenses are not supported by any facts whatsoever and fail to provide "fair notice" to the Plaintiffs of the actual nature of these defenses and the grounds upon which they rest. Thus, they are insufficient as affirmative defenses and must be stricken. *See* Fed.R.Civ.P. 8; *see also* Twombly, 550 U.S. at 553.

14. These conclusory defenses should be stricken for failure to satisfy Rule 8 and insufficiency as a matter of law.

15. Defendant's Fourth Affirmative Defense states that "Plaintiffs' injuries, if any, was caused in whole or in part by Plaintiffs' own unlawful acts or conduct.... " Answer and Affirmative Defenses at p. 10 [DE 27]. This defense merely states a legal doctrine, unclean hands, without any factual context to this action. Respondent must plead some facts to support this legal conclusion. As such, this affirmative defense should be stricken.

16. Defendant's Fifth Affirmative Defense states that "OFFICER FUDGE and OFFICER SALLANO are entitled to qualified immunity.... " Answer and Affirmative Defenses at p. 10 [DE 27].

17. Qualified immunity is a defense for an official who is being sued in his or her individual capacity for damages. There is no qualified immunity for claims for injunctive relief, ***nor can an entity or city raise a qualified immunity defense(Emphasis Added)***. Morse v. Frederick, 127 S. Ct. 2618, 2642 (2007). As such this defense is without legal merit and should be stricken in its entirety, as the Officers are not listed as Defendants in this action and the Supreme Court has long held that a city cannot raise a qualified immunity defense.

18. Defendant's Sixth Affirmative Defense states that "Plaintiffs have failed to mitigate their damages.... " Answer and Affirmative Defenses at p. 11 [DE 27]. This defense merely states a legal doctrine, failure to mitigate, without any factual context to this action. Respondent must plead some facts to support this legal conclusion. Defendant fails to state how Plaintiffs failed to mitigate their damages, as such this affirmative defense should be stricken in its entirety . This bare bones conclusory allegations is insufficient, as Defendant must plead some facts to support this legal conclusion. Defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007).

19. Plaintiffs next move to strike the Seventh Affirmative Defense, which states that Defendant "is entitled to a set-off or a reduction in damages for any and all benefits paid to or on behalf of Plaintiffs, by any and all collateral sources." Answer and Affirmative Defenses at p. 7 [DE 27]. Again, this defense merely states a legal doctrine, set-off, without any factual context to this action. Respondent must plead some facts to support this legal conclusion.

20. Defendants Eighth Affirmative Defense is insufficiently pled. Defendant states that "OFFICER FUDGE and OFFICER SALLANO were acting in the course and scope of their employment and they acted using only such force as was reasonable necessary under the circumstances; in pursuit of lawful *or* legal duty; ***and/or self*** defense ***or*** in protection of other *or* other police officers ***(Emphasis Added)***." Defendant merely cites various elements **word by word** without incorporating any facts. Affirmative defenses

are subject to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and will be stricken if they fail to recite more than *bare bones conclusory allegations*. Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 WL 2412834, *2 (S.D.Fla. 2007); Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D.Fla. 2005). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007). Thus, an affirmative defense that does not provide "fair notice" of the nature of the defense asserted and the grounds upon which it is based is not sufficient and therefore must be stricken.

21. Plaintiffs next move to strike the Ninth Affirmative Defense, which states that OFFICER FUDGE and OFFICER SALLANO's "actions were in accordance with the prevailing law." Answer and Affirmative Defenses at p. 11 [DE 27]. Again, this defense merely states a legal conclusion and fails to state any factual grounds upon which they rest. *See* Bell Atlantic Corp. v. Twombly. Respondent must plead some facts to support this legal conclusion (such as what prevailing law is Defendant referring too). Defendant must at least give the plaintiff "fair notice" of the nature of the defenses being made.

22. Plaintiffs next move to strike the Tenth and Eleventh Affirmative Defenses respectively, which states that OFFICER FUDGE and OFFICER SALLANO "had reasonable suspicion that Plaintiff had committed a crime" and "had probable cause to arrest Plaintiffs". Answer and Affirmative Defenses at p. 11 [DE 27]. Again, these defenses merely state a legal conclusion and fails to state any factual grounds upon which they rest. *See* Bell Atlantic Corp. v. Twombly. Respondent must plead some facts to support this legal conclusion (such as what conduct by the Plaintiffs caused the Officers to develop reasonable suspicion and probable cause). Defendant must at least give the plaintiff "fair notice" of the nature of the defenses. As such these Defenses are insufficiently pled and must be stricken in its entirety.

23. Defendant's Twelfth Affirmative Defense is redundant and merely reiterates Defendants Eleventh Affirmative Defense. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any *redundant*, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

24. Nonetheless, Defendant failed to state what, if any, probable cause it had to arrest and/or prosecute the Plaintiffs. Defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. See Bell Atlantic Corp. v. Twombly. As such, Defendants Twelfth Affirmative Defense should be stricken in its entirety.

25. Defendant's Thirteenth Affirmative Defense states that "exigent circumstances warranted the arrest of Plaintiff. " Answer and Affirmative Defenses at p. 12 [DE 27]. This defense merely states that an exigent circumstance existed, without any factual context to this action. Respondent must plead some facts to support this legal conclusion. Defendant fails to state what was the exigent circumstances, as such this affirmative defense should be stricken in its entirety. This bare bones conclusory allegations is insufficient, as Defendant must plead some facts to support this legal conclusion. Defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. See Bell Atlantic Corp. v. Twombly.

26. Defendant's Fourteenth Affirmative Defense does nothing more than broadly deny those allegations already denied earlier in the Answer to the Complaint. Thus, as the Fourteenth Affirmative Defense is nothing more than a redundant denial, it should be stricken as an affirmative defense. See Wiemer; 2008 WL 299016. Alternatively, it should be relegated to and treated as a specific denial, rather than an affirmative defense. See Home Mgmt. Solutions, 2007 U.S. Dist. LEXIS 61608, at *3, and Premium Leisure, LLC, 2008 WL 3927265, at *3. Additionally, Defendants Fourteenth Affirmative Defense fails to plead any facts to support this legal conclusion. Defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. See Bell Atlantic Corp. v. Twombly.

27. Defendant's Fifteenth Affirmative Defense states that Defendant "is entitled to the immunity provision contained in § 768.28, Florida Statutes." Answer and Affirmative Defenses at p. 12 [DE 27].

28. Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430 (1990), explained the issue of state sovereign immunity under Hill:
> ... In 16 cases arising under Florida statutory and common law, the State Supreme Court has held that the State may be sued in *respondeat superior* for the violation of nondiscretionary duties

in the exercise of governmental authority. The Florida courts thus have entertained suits against state agencies for the violation of nondiscretionary duties committed in the performance of various governmental activities, including the roadside stop and arrest of an individual driving with an expired inspection sticker, the negligent maintenance by city employees of a storm sewer system, the failure of a state caseworker to detect and prevent child abuse, the negligent maintenance of county swimming pools and failure to warn or correct known dangerous conditions, and the failure to protect a prison inmate from other inmates known to be dangerous. Hill argued that just as the State could be joined in an action for the violation of established state common-law or statutory duties, it was also subject to suit for violations of its nondiscretionary duty not to violate the Constitution. See Owen v. City of Independence, 445 U.S. 622, 649-650 (1980).

The trial court dismissed Hill's § 1983 claim but entered judgment on the jury's verdict in his favor on the common-law claims. On appeal, the District Court of Appeal affirmed the dismissal of the § 1983 claim and reversed the judgment on the common-law claim. It also certified to the Florida Supreme Court the question whether Florida's statutory waiver of sovereign immunity permitted suits against the State and its agencies under § 1983. Department of Corrections v. Hill, 490 So.2d 118 (1986).
The State Supreme Court answered that question in the negative. Hill v. Department of Corrections, 513 So.2d 129 (1987), cert. denied, 484 U.S. 1064 (1988). Without citing any of its own sovereign immunity cases and relying solely on analogy to the Eleventh Amendment and decisions of the courts of other States, the State Supreme Court held that the Florida statute conferred a blanket immunity on governmental entities from federal civil rights actions under § 1983. 513 So.2d, at 133. It stated: "While Florida is at liberty to waive its immunity from section 1983 actions, it has not done so. The recovery ceilings in section 768.28 were intended to waive sovereign immunity for state tort actions, not federal civil rights actions commenced under section 1983." *Ibid.* The court thus affirmed the dismissal of the § 1983 claim but reversed the Court of Appeal's judgment on the common-law claim and allowed the judgment for Hill on that claim to stand.

*Howlett*, 496 U.S. 362 - 365.

29. *Howlett* thus reads *Hill* as applying the "recovery ceilings" of § 768.28 only to state court actions, but not as barring damage actions under the Florida Constitution.

30. The question certified as being of great public importance by the District Court of Appeal in *Hill* was:

    > Has the State of Florida, pursuant to section 768.28, Florida Statutes (1983), waived its Eleventh Amendment and state common law immunity and consented to suits against the State and its agencies under 42 U.S.C. § 1983?

    *Hill, supra* at 130.

31. Thus, right at the beginning of the *Hill* opinion, it is clear that the issue before the Court is entirely unrelated to the question before this Court. The City presumably relies on the following, less than precise statement in *Hill*:

    > We agree with these federal interpretations of our statute and find them fully applicable with respect to whether Florida has waived its common law immunity against civil rights actions filed in state courts. While Florida is at liberty to waive its immunity from section 1983 actions, it has not done so. **The recovery ceilings in section 768.28 were intended to waive sovereign immunity** for state tort actions, not federal civil rights actions commenced under section 1983. Accordingly, we answer the certified question in the negative. [Emphasis Added]

    *Id.,* at 133.

32. Thus, it is clear that the absence of a waiver from civil rights actions discussed in *Hill* actions applies the Eleventh Amendment and applies **only** to actions under 42 U.S.C. § 1983. The balance of the holding, as the Supreme Court properly found, shows that ***Florida has waived sovereign immunity*** for itself and its agencies but has also placed a ***recovery cap of $200,000*** on civil rights or other claims under the laws of Florida.

33. Although the following analysis of the common law clearly demonstrates Plaintiffs' entitlement to a recovery against the City of Miami, the Court need look no further than the plain language of the statute:

    > ... the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for

> injury or loss of property, personal injury, or death caused by the negligent **or wrongful act** or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. [Emphasis Added]

§ 768.28 (1), F.S.

34. Thus, the statute specifically and explicitly permits the prosecution of a tort claim against a Florida municipal corporation for the wrongful acts of its employees – the precise claim made in the case *sub judice*. As such, this Affirmative Defense is without merit and should be stricken in its entirety.

35. As to Defendant's Sixteenth Affirmative Defense, Plaintiffs have clearly alleged all necessary elements required by the Eleventh Circuit Court of Appeals to impose Sec. 1983 liability on a municipality: "a plaintiff must show (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F. 2d 1283, 1289 (11th Cir. 2004).

36. Plaintiffs' counsel is certainly familiar with the concepts set forth in Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Plaintiff are aware that the City is not liable for acts of employees under the bare theory of *respondeat superior*, and that the Plaintiffs are required to point to a policy or custom that has led to his alleged violations. Cuesta v. School Board of Miami-Dade County, 285 F.3d 962 (11th Cir. 2002). These facts are alleged in the Complaint-See paragraph 56, which basically alleges, that the city has adopted inadequate policies, procedures, training, practices or customs, that allow for, among other things, the use of false arrests, false imprisonment, battery, excessive use of force, and failing to train to prevent the infliction of severe emotional distress when other more reasonable and less drastic methods are available. This allegation should suffice to satisfy the requirement identified by the Defendant.

37. It is respectfully submitted that Plaintiffs have shown, through a properly pled allegation, that the municipal action was taken with "the requisite degree of culpability," and that,

for the purposes of a Motion to Dismiss, Plaintiffs have demonstrated, "a direct causal link between the municipal action and the deprivation of federal rights." *Davis v. Ex rel Doe v. Dekalb county School District*, 233 F. 3d 1367, 1375-76 (11th Cir. 2000). In this regard, Defendant's Sixteenth Affirmative Defense is without any legal merit and should be stricken in its entirety.

38. Defendant's Seventeenth Affirmative Defense does nothing more than broadly deny those allegations already denied earlier in the Answer to the Complaint. Thus, as the Seventeenth Affirmative Defense is nothing more than a redundant denial, it should be stricken as an affirmative defense. *See* Wiemer; 2008 WL 299016. Alternatively, it should be relegated to and treated as a specific denial, rather than an affirmative defense. *See* Home Mgmt. Solutions, 2007 U.S. Dist. LEXIS 61608, at *3, and Premium Leisure, LLC, 2008 WL 3927265, at *3.

39. Defendant's Eighteenth Affirmative Defense states that "Plaintiffs' claims and requests for relief are barred, in whole or in part, by consent." Answer and Affirmative Defenses at p. 12 [DE 27]. This defense merely states a legal doctrine, consent, without any factual context to this action. Respondent must plead some facts to support this legal conclusion. Defendant fails to state how Plaintiffs demonstrated/exhibited consent, as such this affirmative defense should be stricken in its entirety. This bare bones conclusory allegations is insufficient, as Defendant must plead some facts to support this legal conclusion. As stated previously, Defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007).

40. Defendant's Nineteenth Affirmative Defense states that "Plaintiffs' claims and requests for relief are barred, in whole or in part by waiver." Answer and Affirmative Defenses at p. 12 [DE 27]. Respondent must plead some facts to support this legal conclusion. Defendant fails to state how Plaintiffs actions demonstrated/exhibited a waiver of said rights, as such this affirmative defense should be stricken in its entirety. This bare bones conclusory allegations is insufficient, as Defendant must plead some facts to support this legal conclusion. As stated previously, Defendant must at least give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007).

## III. CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court strike Defendants Affirmative Defenses and any further the relief this Honorable Courts deems just and proper.

Respectfully submitted this 16th day of June, 2015.

_____
Cecilia Perez-Matos, Esq.
Attorney for Plaintiff
Florida Bar Number: 102796
The Berman Law Group
PO Box 272789
BOCA RATON, FL 33496
Telephone: (561) 826-5200
Fax: (561) 826-5201
E-Mail: cmatos@thebermanlawgroup.com
Secondary E-Mail:
IAlbornoz@thebermanlawgroup.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 16, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List.

_____
Cecilia Perez-Matos, Esq.
Attorney for Plaintiff
Florida Bar Number: 102796

**SERVICE LIST**

Christopher A. Green, Esq., Assistant City Attorney
Attorney for the City of Miami
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
cagreen@miamigov.com